FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 01 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALEJANDRO FERNANDO
CABALLERO,

Petitioner - Appellant,

v.

KELLY HARRINGTON, Warden,

Respondent - Appellee.

No. 09-56252

D.C. No. 2:06-cv-00570-VBF-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Argued and Submitted February 14, 2012
Pasadena, California

Before: FARRIS and W. FLETCHER, Circuit Judges, and HELLERSTEIN, Senior
District Judge.[**]

Alejandro Caballero ("Appellant") appeals from an order of the district court

denying his petition for habeas corpus relief.  On December 10, 2002, Appellant

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Alvin K. Hellerstein, Senior District Judge for the U.S.
District Court for Southern New York, sitting by designation.

was found guilty by a Los Angeles County Superior Court jury of two counts of attempted murder, one of Raul Doss, the other of Abel Sanchez. He was sentenced to a term of 25 years to life on the first count, and a consecutive term of 20 years on the second count. The convictions were affirmed by the California Court of Appeal on May 11, 2004. The California Supreme Court denied Caballero's petition for review on August 11, 2004, and denied his petition for a writ of habeas corpus on June 22, 2005. On January 30, 2006, Caballero timely petitioned the U.S. district court for habeas corpus relief of his conviction under 28 U.S.C. § 2254. The district court, adopting a report and recommendation of a magistrate judge, denied the petition on June 2, 2009 and denied a certificate of appealability. 28 U.S.C. § 2253(c). Appellant requested a certificate of appealability from this Court, which was granted on October 20, 2010. This appeal followed, in which Caballero focuses his challenge on the second count, his conviction for the attempted murder of Sanchez. We have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 2253.

Caballero contends that his conviction is flawed in two ways: constitutionally insufficient evidence; and inadequate instructions to the jury about the mental states required for convictions of each count of attempted murder, in

2

violation of his due process rights. We assume knowledge of the facts and of the procedural history of the case. We affirm the judgment of the district court.

Standard of Review

A district court's denial of a habeas corpus petition is reviewed *de novo*. *McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir. 1999). Under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "the availability of federal habeas relief is limited with respect to claims previously 'adjudicated on the merits' in state-court proceedings." *Harrington v. Richter*, 131 S. Ct. 770, 780 (2011). AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010) (citations omitted). In light of this, AEDPA "bars relitigation of any claim adjudicated on the merits in state court" unless the state court action meets either of two statutory exceptions: (1) the state court action "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) the state court action "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Harrington v. Richter*, 131 S. Ct. at 783-84.

3

<u>Constitutional Sufficiency of the Evidence</u>

A jury verdict is supported by sufficient evidence if, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). Under *Jackson*'s two-step inquiry, first "a reviewing court must consider the evidence presented at trial in the light most favorable to the prosecution" and, in doing so, "may not usurp the role of the finder of fact by considering how it would have resolved the conflicts, made the inferences, or considered the evidence at trial." *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc). "[W]hen 'faced with a record of historical facts that supports conflicting inferences' a reviewing court 'must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *Id.* (quoting *Jackson*, 443 U.S. at 326). Second, the reviewing court must determine if, when viewed in this manner, the evidence "is adequate to allow '*any* rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt,'" not whether it believes the evidence at trial established guilt beyond a reasonable doubt. *Id.* (quoting *Jackson*, 443 U.S. at 319) (emphasis in original).

4

The U.S. Supreme Court has recognized the arduous standard a petitioner must overcome when arguing that the evidence to support a verdict is insufficient. In *Cavazos v. Smith*, 132 S. Ct. 2 (2011), the Supreme Court accepted that "[d]oubts about whether [the petitioner was] in fact guilty [were] understandable[,]" but held nonetheless, under *Jackson*, that "it is the responsibility of the jury–not the court–to decide what conclusions should be drawn from evidence admitted at trial." *Id.* at 7, 4.

The evidence admitted at Caballero's trial showed the following: On November 23, 2001, Appellant Caballero was driving a blue Ford Thunderbird in the city of Rosemead, with Jorge Escareno in the front passenger seat. The two men were following two men on foot, Raul Doss and Abel Sanchez, members of a rival gang. Caballero followed Doss and Sanchez into a driveway, and stopped with the passenger side facing the two men, three to four feet away. According to Doss's testimony, Escareno pointed a shotgun at Doss. Doss stood up; Escareno shot, and pellets grazed the top of Doss's head. Doss turned, ran toward the safety of the house, and heard a second shot. Sanchez, who did not testify, also escaped.

Escareno and Caballero were tried together, and each was convicted of two counts of attempted murder, of Doss and Sanchez. Caballero argues that his conviction of the count for Sanchez is not based on constitutionally sufficient

evidence, specifically, the degree of proof of specific intent to kill Sanchez. *People v. Bland*, 28 Cal. 4th 313, 317 (2002).

At trial the prosecution argued that shooting a shotgun at or near Doss and Sanchez at close range created a "kill zone" affecting both men, and that shooting into a "kill zone" can satisfy the requirement of a specific intent to kill Sanchez. Under California law, a specific intent to kill a secondary victim can be found "when the nature and scope of the attack, while directed at a primary victim, are such that [a court] can conclude the perpetrator intended to ensure harm to the primary victim by harming everyone in that victim's vicinity." *People v. Bland*, 28 Cal. 4th 313, 329 (2002). Sanchez, the prosecution argued, was in such a "kill zone" with Doss.

The California Court of Appeal ruled, based on the testimony of Robert Chivas, that the jury reasonably could have found that when Escareno fired at Doss, his shot was fired into a "kill zone" affecting Sanchez as well, or that he intended to kill both with his single shotgun blast. And the second shot, as the district court added, also supported the jury's finding that Escareno intended to shoot Sanchez.

Caballero argues that the evidence was that Escareno aimed at Doss, not into a "kill zone" between the two men, and that there was no proof as to where the

second shot was aimed.  However, a federal court, reviewing a habeas claim concerning the proceedings in a state court, should not impose its own doubts on a jury's findings, or substitute its own constitutional analysis for that of the state court.  The sufficiency of the evidence must be examined through the double lens of AEDPA and *Jackson*/*Cavazos*; and a conviction may be overturned only if the California Court of Appeal made an "unreasonable application" of Supreme Court law when it determined, "viewing the evidence in the light most favorable to the prosecution," that *"any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  We hold that the California Court of Appeal did not apply the law unreasonably.

Jury Instruction on Attempted Murder

In deciding whether to grant habeas relief for an alleged error in a jury instruction, the U.S. Supreme Court has held that "[t]he only question . . . is whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process."  *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (quotation marks omitted).  This means that "[i]t must be established not merely that the instruction is undesirable, erroneous, or even universally condemned, but that it violated some constitutional right."  *Id.* (internal punctuation omitted).

7

Furthermore, "the instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record." *Id.* (internal quotation marks omitted). And finally, when reviewing an alleged ambiguous jury instruction, the question is "whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution." *Id.*

Caballero argues that the instruction defining attempted murder was deficient in that it allowed the jury to ignore Caballero's due process right to have each element of the crime of attempted murder proved beyond a reasonable doubt, including the element of a specific intent to murder Doss and to murder Sanchez. *Middleton v. McNeil*, 541 U.S. 433, 437 (2004). The jury instruction followed CALJIC 8.66, which reads in part:

> In order to prove attempted murder, each of the following elements must be proved:
>
> 1. A direct but ineffectual act was done by the one person towards killing another human being; and
>
> 2. The person committing the act harbored express malice aforethought, namely, a specific intent to kill unlawfully another human being.

It is the term "another human being" that Caballero alleges caused the problem. He argues that the jury, when analyzing whether he made an attempt on

8

Sanchez, could have considered Doss to be "another human being," thereby allowing specific intent to kill Doss to be transferred to Sanchez. According to Caballero, the court should have instructed the jury that each of the two victims required a separate specific intent to kill that particular victim.

The California Court of Appeal rejected Caballero's argument, holding that a "reasonable reading" of the instruction is that the instructed elements apply to each identified victim, particularly where no instruction at all was given on "transferred intent." The California Court of Appeal thus ruled that the appellant had no basis to argue that the jury reached its verdict by applying a "transferred" intent. Indeed, as the Court of Appeal reasoned, the prosecutor made clear in her closing argument that the People needed to prove specific intent to kill Sanchez beyond a reasonable doubt. The proof was supplied, she argued, because the shooting was into a "kill zone" affecting both Doss and Sanchez.

The jury was given separate verdict forms for each count, for the attempted murder of Doss and the attempted murder of Sanchez. In light of the prosecutor's careful explanation of the requirement of a specific intent to kill each, there is little likelihood that the jury misunderstood the charge. A challenged jury instruction

9

"may not be judged in artificial isolation, but must be considered in the context of the . . . trial record." *Estelle*, 502 U.S. at 72.

Accordingly, we hold that the California Court of Appeal did not unreasonably apply clearly established Federal law when it found that there was no "reasonable likelihood" that the jury applied the instruction in a way that violated Caballero's due process rights.

For the foregoing reasons, the decision of the district court is **AFFIRMED.**